**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| REGINALD DANTE MCNEARY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES GARVEY, et al., ) <br> ) <br> Defendants. ) | No. 4:24-cv-01484-CDP |

## **MEMORANDUM AND ORDER**

Plaintiff Reginald McNeary filed his initial complaint (ECF No. 1) in November 2024, along with an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2). The Court granted the application and directed Plaintiff to file an amended complaint on the Court-provided form. (ECF No. 3). Plaintiff has since filed an amended complaint. (ECF No. 4). Because he is proceeding *in forma pauperis* (IFP), the amended complaint is subject to review under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will allow Plaintiff to proceed against Self Financial, Inc. under 15 U.S.C. § 1681s-2(b) and against Trans Union, Equifax, and Experian (credit reporting agencies or CRAs) under 15 U.S.C. § 1681i. The Court will dismiss all other claims under 28 U.S.C. § 1915(e)(2).

**I.      Legal Standard on Initial Review**

Section 1915(e)(2) requires the Court to dismiss an IFP complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented litigant, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the Court can discern the essence of an allegation, it should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## II.     The Complaint

In his amended complaint, Plaintiff names as defendants Self Financial, Inc. (SF); its President and CEO, James Garvey; Trans Union, LLC; Equifax, Inc.; and Experian. (ECF No. 4). He asserts claims under the Fair Debt Collection Practices Act (FDCPA), the Federal Trade Commission Act (FTCA), the Fair Credit Reporting Act (FCRA), and 42 U.S.C. § 1981, as well as a state-law claim for defamation. *Id*. at 3.

Plaintiff provides few factual allegations in his amended complaint. He alleges only that James Garvey "furnished false, derogatory, and defamatory information to the three major

2

defendant credit reporting agencies, all of which published the . . . information knowing or having substantial reason to know of the information's falsity and defamatory nature." *Id*. at 4. He seeks monetary damages and an order directing Defendants to remove "all false, derogatory, and defamatory information from Plaintiff's credit file[.]" *Id*. at 5.

Plaintiff provided more factual detail in his original complaint. (ECF No. 1). There, he alleges that Self offers credit cards to consumers who wish to rebuild their credit. *Id*. at ¶ 10. According to Plaintiff, Self charges a $25.00 annual maintenance fee but refuses to accept early payment of the fee. *Id.* at ¶ 11. Plaintiff asserts that, as a result, his account improperly reflects an outstanding balance. *Id.* at ¶ 12. He claims that Self reported the balance to the CRAs, causing a 48-point drop in his FICO score and other unspecified financial loss. *Id.* at ¶ 18–19. Plaintiff further alleges that despite notifying Self of the error, the company continues to furnish false information to the CRAs and attempts to collect the purported debt. *Id.* at ¶ 23–24, 39.

**III.    Analysis**

Generally, an amended complaint completely replaces an original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). However, out of an abundance of caution, and in the spirit of liberal construction, the Court considers both the original and amended complaint to reflect the possibility that Plaintiff merely intended to supplement his initial complaint. *See Kiir v. N. Dakota Pub. Health*, 651 F. App'x 567, 568 (8th Cir. 2016) (concluding that pro se plaintiff's original complaint and two amendments "should have been read together" as constituting his complaint).

### A. The Fair Credit Reporting Act

Plaintiff alleges that SF and Garvey violated the FCRA by continuing to report the false debt to the CRAs even after he disputed the information directly with SF. (ECF No. 1, ¶¶ 23–28). He further alleges that the CRAs violated the FCRA by continuing to report the false information on his credit report and by failing to thoroughly investigate his complaint regarding the information. *Id.* at ¶¶ 56–59.

#### 1. SF and Garvey

The FCRA imposes certain duties on entities that furnish information to CRAs. 15 U.S.C. § 1681s-2. Subsection (a) prohibits furnishers from reporting information they know or have reasonable cause to believe is inaccurate. However, there is no private right of action to enforce § 1681s-2(a). 15 U.S.C. § 1681s-2(d); *Somlar v. Nelnet Inc.*, No. 4:16-CV-01037-AGF, 2017 WL 35703, at *4 (E.D. Mo. Jan. 4, 2017) ("[A] consumer does not have a private right of action to enforce 15 U.S.C. § 1681s-2(a)(3) or any other sub-section of § 1681s-2(a)."). Thus, to the extent Plaintiff claims that SF or Garvey violated subsection (a), those claims fail as a matter of law.

Subsection (b) requires furnishers to investigate and respond appropriately when they receive notice from a CRA that a consumer disputes the completeness or accuracy of furnished information. *Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 907 (8th Cir. 2011) (duties under "§ 1681s-2(b) are triggered by notice that [the furnisher's] information is being disputed from a CRA."). Here, Plaintiff alleges that "in numerous instances, Defendant SF did not conduct a meaningful investigation, or an investigation at all, when it received a notice of dispute from a CRA." (ECF No. 1 at ¶ 27). Accepted as true, these allegations are sufficient at this stage to permit an inference that SF violated subsection (b). However, Plaintiff does not plead facts demonstrating that Garvey, a corporate officer of SF, personally participated in SF's alleged failure to investigate.

4

Because an individual defendant "cannot be held liable under the FCRA solely because he is the chief executive officer for the corporate defendant without allegations that the individual participated personally" in the wrongful conduct, *Hicks v. Smith*, No. 3:17-CV-251-CHB, 2020 WL 5824030, at *2 (W.D. Ky. Sept. 30, 2020), Plaintiff's § 1681s-2(b) claim against Garvey fails. *See also McNack v. Smith*, No. 2:14-cv-04810-CAS(SPx), 2015 WL 7302218, at *5 (C.D. Cal. Nov. 16, 2015) (individual defendants not liable under FCRA solely because they are chief executive officers for corporate defendants; personal liability may attach where individual was "guiding spirit" behind wrongful conduct or "central figure" in the challenged corporate activity).

        2.    **The CRAs**

Under § 1681i(a)(1)(A), a CRA must, upon receiving a consumer dispute, "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate" within 30 days of receiving notice of the dispute. Here, Plaintiff alleges that the CRAs' reports contained false information and that, despite his written notice, the CRAs failed to adequately investigate his dispute. (ECF No. 1 at ¶¶ 56–57). While sparse, at this early stage, Plaintiff's allegations support an inference that the CRAs failed to conduct the "reasonable reinvestigation" required by 15 U.S.C. § 1681i.

        B.    **The Fair Debt Collections Practices Act**

Plaintiff asserts his FDCPA claim against Garvey and SF only. "The FDCPA imposes civil liability only on debt collectors, as [that term is] defined by the statute." *Volden v. Innovative Financial Systems, Inc.*, 440 F.3d 947, 950 (8th Cir. 2006). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6);

5

*Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 468 (2019). The statute applies to independent debt collectors and expressly excludes creditors collecting their own debts. 15 U.S.C. § 1692a(6)(A); *Reygadas v. DNF Associates, LLC*, 982 F.3d 1119, 1122 (8th Cir. 2020). Thus, a plaintiff cannot maintain an FDCPA claim unless the defendant was collecting debts owed to another. *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 87 (2017); *see also Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) (explaining that "a distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all").

Here, Plaintiff alleges only that SF attempted to collect its own fees. Because SF was acting as a creditor and not as a debt collector, these allegations do not state a plausible claim under the FDCPA.

      C.    **The Federal Trade Commission Act**

Plaintiff also asserts claims against SF and Garvey under the FTCA. However, as with 15 U.S.C. § 1681s-2(a), the FTCA does not create a private cause of action. *In re SuperValu, Inc.*, 925 F.3d 955, 963 (8th Cir. 2019) (citation omitted). Thus, even liberally construed, Plaintiff's FTCA claims fail as a matter of law.

      D.    **Defamation**

Plaintiff asserts defamation claims against Defendants for allegedly reporting false information. Such claims are governed by 15 U.S.C. § 1681h(e), which preempts state-law defamation actions against consumer reporting agencies and furnishers of information unless the plaintiff plausibly alleges that the false information was furnished with malice or willful intent to injure. *Thornton v. Equifax, Inc.*, 619 F.2d 700, 703-04 (8th Cir. 1980). Here, Plaintiff's allegations that Defendants "knew or should have known" the information was false do not support an

6

inference that Defendants acted willfully or maliciously. Accordingly, Plaintiff's defamation claims are preempted by § 1681h(e).

### E.     42 U.S.C. § 1981

Finally, Plaintiff asserts that Defendants violated 42 U.S.C. § 1981, which prohibits discrimination in the making and enforcement of contracts. But Plaintiff fails to allege he was a member of a protected class or that Defendants acted with discriminatory intent. *See Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023) (to assert a prima facie case under § 1981, a plaintiff must allege, among other things, that he was a member of a protected class and that the defendant acted with discriminatory intent). Accordingly, Plaintiff fails to state a plausible claim under § 1981.

### IV.    Conclusion

The Court finds that Plaintiff has stated a plausible claim against Self Financial, Inc. under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), and plausible claims under 15 U.S.C. § 1681i against Equifax, Experian, and TransUnion. All other claims will be dismissed under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his claims under 15 U.S.C. § 1681s-2(b) against Defendant Self Financial, Inc., and under 15 U.S.C. § 1681i against Defendants Trans Union, LLC; Equifax, Inc.; and Experian, Inc.

**IT IS FURTHER ORDERED** that, within thirty **[30]** days of the date of this Order, Plaintiff shall provide the Court with the name and complete service address for Defendants Self Financial, Inc.; Trans Union, LLC; Equifax, Inc.; and Experian, Inc.; including the registered agent

7

for service of process, so that service may be effected. Failure to timely provide this information may result in dismissal of any unserved defendant without prejudice.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 20th day of August, 2025.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE