UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD DANTE MCNEARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24 CV 1484 CDP |
| | ) | |
| SELF FINANCIAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Reginald Dante McNeary brings this action under the Fair Credit

Reporting Act (FCRA) alleging that Self Financial, Inc., furnished false

information to three major credit reporting agencies (CRAs), who in turn failed to

conduct a reasonable reinvestigation into the accuracy of the information.[1]

McNeary, who represents himself in this action and proceeds in forma pauperis,

has since settled and dismissed his claim against Self Financial.  Two CRAs now

move to dismiss McNeary's claim against them.  For the following reasons, I will

dismiss McNeary's remaining claim against the CRAs as he fails to state a claim

for actual damages.  I will withhold entering a final Order of dismissal, however, to

give McNeary the opportunity to amend his complaint to cure the deficiencies

---

[1] Additional claims against Self Financial, the CRAs, and another named defendant were dismissed upon initial review under 28 U.S.C. § 1915(e)(2).  (ECF 5, Memo. & Ord.)

identified in this Memorandum and Order.  In the event McNeary fails to timely file an amended complaint, this Order dismissing his remaining claim will become final.

## I.  Background

Self Financial offers credit cards to consumers who wish to rebuild their credit.  It charges its customers a $25 annual maintenance fee but does not accept prepayment of the fee.  The fee therefore appears as an outstanding balance on a customer's account.  Self Financial reported that outstanding balance on McNeary's account to three CRAs, all of whom reported the information on McNeary's credit report.  McNeary contacted Self Financial to dispute the information, and Self Financial received notice of a dispute from at least one CRA. Self Financial continued to report the disputed information, and the CRAs continued to include that information on McNeary's credit report.  McNeary asserts that defendants' conduct caused a 48-point drop in his FICO score.

In addition to Self Financial, McNeary brought a claim against TransUnion, LLC; Equifax, Inc.; and Experian, Inc., all of which he contends are the CRAs that failed to properly reinvestigate his written challenge to the information that Self Financial provided on his account.  McNeary provided detailed factual allegations

in his original complaint, which he supplemented in an "amended complaint."[2] McNeary has since settled with Self Financial and dismissed Self Financial from the case.  As to the CRAs, TransUnion has answered McNeary's complaint, and Equifax and Experian separately move to dismiss the claim against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  McNeary has not responded to the motions to dismiss, and the time to do so has passed.

## II.  Motions to Dismiss

A.    Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint.  When reviewing a Rule 12(b)(6) motion, I assume the factual allegations of the complaint are true and construe them in plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  The complaint must contain sufficient factual matter, accepted as true, to state a claim for relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The "factual allegations must be enough to raise a

---

[2] In conducting my initial review of McNeary's claims under 28 U.S.C. § 1915(e)(2), I considered the allegations raised in both the original and amended complaints to account for the possibility that McNeary intended the amended complaint to merely supplement his original complaint.  (ECF 5, Memo. & Ord.)

right to relief above the speculative level." *Twombly,* 550 U.S. at 555. A "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010); *see also Iqbal*, 556 U.S. at 678.

The Court construes pro se complaints liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but a plaintiff "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court "will not supply additional facts, nor will [the Court] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Id*. (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

B.     Defendant Equifax, Inc.

In its motion to dismiss, Equifax first argues that a CRA's duty to conduct a reasonable reinvestigation is triggered only when an item in the consumer's credit file "is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute." 15 U.S.C. § 1681i(a)(1)(A). Equifax contends that because McNeary does not allege that he notified Equifax directly of his dispute regarding the information contained in his credit report, he has failed to state a claim under § 1681i(a).

On August 20, 2025, I conducted a review of McNeary's claims under 28

U.S.C. § 1915(e)(2), under which I am required to dismiss an IFP action if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for review for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for failure to state a claim under Rule 12(b)(6). *Thomas v. Stewart*, No. 4:22-CV-01228-AGF, 2023 WL 12180772, at *3 (E.D. Mo. Nov. 21, 2023). In conducting that § 1915 review, I liberally construed McNeary's claims – including his assertions that Self Financial "received notice of a dispute from a CRA" (ECF 1 at ¶ 27) and that the defendant CRAs "fail[ed] to thoroughly investigate Plaintiff's written challenge to the false and derogatory information" (*id.* at ¶ 58) – and I concluded that McNeary had sufficiently alleged a claim against the CRAs under 15 U.S.C. § 1681i(a) by alleging that "despite his written notice, the CRAs failed to adequately investigate his dispute." (ECF 5 at p. 5.) Continuing to give liberal construction to McNeary's claims, and drawing all reasonable inferences in his favor, I conclude that McNeary has sufficiently pled that he notified the CRAs directly of the dispute, thereby triggering the CRAs' duty to reinvestigate under § 1681i(a). I reject Equifax's contrary argument.

Equifax also argues, however, that McNeary fails to offer any facts supporting his assertion that named defendant "Equifax, Inc.," is a CRA and, further, that several other courts have found on summary judgment that Equifax, Inc., is not a CRA. Equifax argues that because a § 1681i(a) claim can be brought

only against a CRA, McNeary's failure to adequately assert facts showing that "Equifax, Inc.," is a CRA requires that I dismiss the claim against Equifax, Inc., for failure to state a claim.  Although Equifax cites several cases where courts found that Equifax, Inc., is not a CRA, those cases were decided on summary judgment upon the presentation of evidence showing no genuine issue of material fact on that issue.  That is not the posture of this case.  Regardless, upon review of those cases, it appears that McNeary has simply sued the wrong member of the Equifax family.  *Cf. Channing v. Equifax, Inc.*, No. 5:11-CV-293-FL, 2013 WL 593942, at *2 (E.D.N.C. Feb. 15, 2013) (Equifax, Inc., is not a CRA; but its subsidiary, Equifax Information Services LLC, is); *McDonald v. Equifax Inc.*, No. 3:15-CV-3212-B, 2017 WL 879224, at *8 (N.D. Tex. Mar. 6, 2017) (Equifax Information Services LLC is who provided the credit report at issue, which is an entity separate from Equifax, Inc.).  As this case is in its preliminary stage, I will provide McNeary an opportunity to amend his complaint to name the proper Equifax party and will deny at this time Equifax's motion to dismiss to the extent it argues "Equifax, Inc.," is not a CRA.

C.     Defendant Experian, Inc.[3]

In its motion to dismiss, Experian argues that McNeary fails to state a claim

---

[3] McNeary named "Experian, Inc.," in the body of his original complaint and "Experian" in the caption of both his original and amended complaints.  "Experian Information Solutions, Inc.," entered for Experian, Inc., in this case and filed the instant motion to dismiss.

under § 1681i(a) because he fails to allege what constitutes the inaccurate information that forms the basis of his claim, fails to allege how Experian was deficient in its reinvestigation of the alleged inaccuracy, and fails to allege harm as a result of Experian's actions.

As set out above, I conducted a § 1915(e)(2) review of McNeary's claims using the relevant standard under Rule 12(b)(6) for motions to dismiss.  Continuing to give liberal construction to McNeary's claims, I conclude that McNeary has sufficiently alleged the inaccurate information underlying his claims, namely that he had an "outstanding balance" with Self Financial when he in fact did not.

I also conclude that McNeary adequately alleges the CRAs' failure to reinvestigate.  Under the FCRA, upon receiving notification of a dispute regarding the completeness or accuracy of a credit report, a CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" if it is inaccurate, incomplete, or cannot be verified.  15 U.S.C. § 1681i(a)(1)(A), (5)(A).  McNeary alleges that he informed the CRAs that the "outstanding balance" information furnished by Self Financial was false but that the CRAs nevertheless continued to report the false information on his credit report and Self Financial continued to report the false debt to the CRAs.  As I noted in the § 1915 Order, McNeary's allegations are "sparse" (ECF 5 at p. 5), and they may

- 7 -

border on recitations of mere labels and conclusions; but when I give liberal construction to the entirety of McNeary's self-pleaded allegations and construe them in his favor as I must, his assertion that despite his report to the CRAs, the false information continued to be furnished by Self Financial and reported by the CRAs can give rise to a reasonable inference that the CRAs' reinvestigation was unreasonable.  In view of this, and because the reasonableness of a reinvestigation is normally a factual question reserved for summary judgment or trial, *cf. Radford v. LoanCare, LLC*, No. 4:21 CV 1368 CDP, 2023 WL 3200289, at *6 (E.D. Mo. May 2, 2023) (evaluating "reasonable investigation" in context of furnisher of information), I will deny this aspect of Experian's motion to dismiss.

I agree, however, that McNeary fails to adequately assert that he suffered actual damage from the CRAs' alleged failure to conduct a reasonable reinvestigation.  To state a claim against the CRAs under § 1681i(a), McNeary must allege that their violation of the statute caused him some harm, that is, actual damage.  15 U.S.C. § 1681o(a)(1); *Peterson v. Experian Info. Sols.*, 44 F.4th 1124, 1126-27 (8th Cir. 2022).  *See also Fahey v. Experian Info. Sols., Inc.*, 571 F. Supp. 2d 1082, 1089 (E.D. Mo. 2008) (discussing requirement for actual damages); *Ketsenburg v. ChexSystems, Inc.*, No. 4:21-CV-220 RLW, 2022 WL 407136, at *9 (E.D. Mo. Feb. 10, 2022) (plaintiff must show actual damages to state a claim that CRA failed to comply with the FCRA).  Here, McNeary cursorily asserts that he

"sustained injury and damages" by defendants' conduct, but he alleges only that he suffered a 48-point decrease in his FICO score. Injury solely from diminution in a credit score, however, is a type of "abstract harm [that] does not support actual damages." *Peterson*, 44 F.4th at 1127. As McNeary alleges no other harm, he has failed to allege facts upon which a finding of actual damages can be made, which is a necessary element under §§ 1681i(a), 1681o. On this basis, I will grant Experien's motion to dismiss for failure to state a claim.

D.    Dismissal of Complaint

In IFP proceedings such as this, 28 U.S.C. § 1915(e)(2)(B)(ii) directs that the Court "shall dismiss the case at any time" if the Court determines that the action fails to state claim on which relief may be granted. As set out above, McNeary's failure to allege that he suffered actual damages as a result of the CRAs' conduct is fatal to his § 1681i(a) claim against them. As the only claim that remains in this action is McNeary's § 1681i(a) claim against the CRAs and dismissal of that claim is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii), dismissal of the case is likewise warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).

Given McNeary's self-represented status, however, I will permit him to file an amended complaint to cure the deficiencies set out in this Memorandum and Order, namely 1) the proper Equifax and Experian parties, and 2) a factual basis for actual damages. *See Munz v. Parr*, 758 F.2d 1254, 1259-60 (8th Cir. 1985)

- 9 -

(explaining that a court should give a pro se plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint).  McNeary shall file his amended complaint using a Court-provided form for Civil Complaints and complete the form in accordance with its instructions.  *See* Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs . . . should be filed on a Court-provided form where applicable.").  The amended complaint will completely replace all earlier filed complaints in this action, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005), and will be subject to review under 28 U.S.C. § 1915(e)(2).  In the event McNeary does not timely file an amended complaint, this Order dismissing the case will become final.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Equifax, Inc.'s Motion to Dismiss for Failure to State a Claim for Relief [18] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that defendant Experian, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim [33] is **GRANTED** for plaintiff's failure to state a claim for actual damages, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that **not later than March 27, 2026**, plaintiff shall file an amended complaint that complies with the directives set forth

- 10 -

in this Memorandum and Order.  The Clerk of Court shall mail to plaintiff a copy of the Court's "Civil Complaint" form along with a copy of this Memorandum and Order.

**IT IS FURTHER ORDERED** that, in the event plaintiff fails to timely file an amended complaint in accordance with the directives set out herein, this Order of dismissal will become final and the remaining claim in this action against defendants TransUnion, LLC; Equifax, Inc.; and Experian, Inc., will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2026.